**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NORMAN BUTLER,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>FCC ENVIRONMENTAL SERVICES, LLC<br><br>*Defendant* | § § § § § § § § § § § § | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)** |

**PLAINTIFF'S ORIGINAL COLLECTIVE COMPLAINT**

Plaintiff Norman Butler brings this action individually and on behalf of all current and former waste disposal drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for FCC Environmental Services, LLC (hereinafter "Defendant" or "FCC"), at any time during the past three years, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

**I.
OVERVIEW**

1.1     This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees of FCC who worked as waste disposal drivers and were responsible for hauling waste and garbage to the appropriate facilities throughout the United States.

1.3     Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty hours per workweek.

1.4     FCC has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty hours each workweek on a routine and regular basis in the last three years.

1.5     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

1.6     Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.7     Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Norman Butler ("Butler") was employed by FCC within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Butler did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

2.2     The Putative Class Members are those current and former non-exempt waste disposal drivers who were employed by FCC in the past three years and have been subjected to the same illegal pay system under which Plaintiff Butler worked and was paid.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

[2] The written consent of Norman Butler is hereby attached as Exhibit "A."

2.3	Defendant FCC Environmental Services, LLC (hereinafter "FCC") is a foreign corporation that does business in Texas. Defendant FCC can be served with process through its registered agent, Santiago Carrasco Gonzalez, 1610 Woodstead Court, Suite 360, The Woodlands, Texas 77380.

## III.
## JURISDICTION & VENUE

3.1	This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2	This Court has personal jurisdiction over FCC because it conducts business within this District and Division and will be served within this District and Division.

3.3	Venue is proper in the Southern District of Texas because FCC maintains its corporate headquarters within this District and Division and Plaintiff Butler worked for FCC at a facility located within this District and Division.

3.4	Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

4.1	At all times hereinafter mentioned, FCC has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.2	At all times hereinafter mentioned, FCC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has,

an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.3    Specifically, Plaintiff and the Putative Class Members handle goods and materials that have been moved in commerce on a daily basis, such as their waste disposal trucks, their cellphones that they use to communicate with FCC, the paperwork that they are required to fill out and turn in daily, and the waste that they are responsible for picking up and disposing of on a daily basis.

4.4    Further, during the respective periods of Plaintiff and the Putative Class Members' employment by FCC, these individuals provided services for FCC that involved interstate commerce, such as hauling and disposing of waste that had been moved in commerce on a daily basis.

4.5    In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6    Specifically, Plaintiff and the Putative Class Members are (or were) non-exempt employees of FCC who were engaged in waste disposal services throughout the United States. 29 U.S.C. § 203(j).

4.7    At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.8    The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former waste disposal drivers of FCC Environmental Services, LLC, at any time in the last three years."

4.9    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

# V.
# FACTS

5.1     FCC Group of Spain ("FCC Group") is an international company specializing in waste disposal and is currently serving more than 53 million people in 13 countries, with a network of more than 120 recycling facilities and ten existing waste-to-energy projects.[3]

5.2     FCC Environmental Services, LLC ("FCC") is the United States subsidiary of FCC Group and currently operates in the waste disposal industry in three states—Alabama, Florida, and Texas.

5.3     Plaintiff Butler was employed by FCC as a waste disposal driver at their Houston, Texas facility within the relevant time period.

5.4     Plaintiff and the Putative Class Members were responsible for providing services to FCC's clients through direct supervision and control by FCC.

5.5     Plaintiff and the Putative Class Members' job duties consisted of picking up and transporting waste to landfills or transfer stations in their respective locations in Alabama, Florida and Texas.

5.6     Plaintiff and the Putative Class Members were not compensated for all the hours they worked for FCC as a result of FCC's corporate policy and practice of requiring its employees to clock out before they completed all necessary tasks.

5.7     FCC also had (and continues to have) a corporate policy and practice of automatically deducting thirty minutes a day for a meal-period break.

---

[3]     *See*     http://www.recyclinginternational.com/recycling-news/10245/business/spain/spanish-recycling-major-expands-its-activities-usa.

5.8     FCC made this deduction despite its actual knowledge that Plaintiff and the Putative Class Members did not take a meal-period break, and instead continued driving their respective routes for FCC's benefit during that alleged meal break.

5.9     Further, FCC required Plaintiff and the Putative Class Members to indicate on their daily route paperwork that they did in fact take a meal-period break.

5.10    Plaintiff and the Putative Class Members were not allowed to report that they worked through lunch in order to receive the compensation to which they were entitled, which would have been overtime compensation when Plaintiff and the Putative Class Members worked more than forty hours in that week.

5.11    As a result of FCC's policy and practice of automatically deducting a thirty-minute meal-period break, Plaintiff and the Putative Class Members were not compensated for all hours worked in excess of forty in a workweek at the rates required by the FLSA.

5.12    FCC has employed, and currently employs, other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

5.13    FCC was (and is) aware of its obligation to pay overtime to Plaintiff and the Putative Class Members and failed to do so.

5.14    Indeed, Plaintiff told FCC about not being paid for his daily thirty-minute meal-period break and Defendant did not correct the practice of offer back pay.

5.15    FCC was (and continues to be) aware that its policy requiring Plaintiff and the Putative Class Members to clock out before they complete all necessary work-related tasks is impermissible under the law.

5.16    FCC knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Putative Class Members.

5.17     Accordingly, FCC's pay policies and practices violated (and continue to violate) the FLSA.

## VI.
## CAUSES OF ACTION

**A.   FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

6.1     FCC violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, FCC knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to timely pay Plaintiff and other similarly situated employees overtime compensation for all of the overtime hours they worked. 29 U.S.C. § 255(a).

6.3     FCC knew or should have known its pay practices were in violation of the FLSA.

6.4      FCC is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

6.5     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted FCC to pay them according to the law.

6.6     The decisions and practices by FCC to not timely pay overtime and to not pay for all hours worked was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiff and the Putative Class Members are entitled to be paid their hourly rate for all straight time hours up to forty (40) hours, and overtime wages for all hours worked

in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.    COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of FCC's employees who are (or were) similarly situated to Plaintiff with regard to the work they have performed and the manner in which they have not been paid.

6.9     Other similarly situated employees of FCC have been victimized by FCC's patterns, practices, and policies, which are in willful violation of the FLSA.

6.11    The Putative Class Members are identified as "all current and former waste disposal drivers who were employed by FCC Environmental Services, LLC, at any time in the last three years."

6.12    FCC's failure to pay Plaintiff and the Putative Class Members for all of their hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of FCC, and does not depend on the personal circumstances of Plaintiff and the Putative Class Members.

6.13    Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.14    The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.15    All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.16    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.17    Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL CURRENT AND FORMER WASTE DISPOSAL DRIVERS WHO WERE EMPLOYED BY FCC ENVIRONMENTAL SERVICES, LLC, AT ANY TIME IN THE LAST THREE YEARS**

## VII.
## RELIEF SOUGHT

7.1    Plaintiff respectfully prays for judgment against FCC as follows:

a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring FCC to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b.    For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d.    For an Order pursuant to Section 16(b) of the FLSA finding FCC liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e.    For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f.    For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g.    For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h.    For an Order awarding Plaintiff a service award as permitted by law;

  i. For an Order compelling the accounting of the books and records of FCC; and

  j. For an Order granting such other and further relief as may be necessary and appropriate.

      Respectfully submitted,

    By: /s/ *Austin W. Anderson*
      **Austin W. Anderson**
      Federal I.D. No. 777114
      Texas Bar No. 24045189
      austin@a2xlaw.com
      **Clif Alexander**
      Federal I.D. No. 1138436
      Texas Bar No. 24064805
      clif@a2xlaw.com
      **Lauren E. Braddy**
      Federal I.D. No. 1122168
      Texas Bar No. 24071993
      lauren@a2xlaw.com
      **ANDERSON2X, PLLC**
      819 N. Upper Broadway
      Corpus Christi, Texas 78401
      Telephone: (361) 452-1279
      Facsimile: (361) 452-1284

      **ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**